UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BMO HARRIS BANK, N.A.,

       Plaintiff,                    Civil Action No. 22-cv-11542
                                           HON. BERNARD A. FRIEDMAN

vs.

MILAD YOUSIF,

       Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I.    Introduction

BMO Harris Bank, N.A. commenced this diversity breach of contract action against Milad Yousif after he declined to honor a series of personal guaranties to pay the debts of Prime Logistics, Inc., a ground freight transportation company.

Before the Court is BMO's motion for summary judgment. (ECF No. 6). Yousif never responded. The Court will decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court shall grant the motion.

II.   Background

    *A.   Factual History*

Beginning in June 2016, Prime executed a series of "Loan and Security Agreements" with BMO to fund the purchase of seven tractor-trailers. (ECF No. 6-2, PageID.136-40, ¶¶ 4-5, 8-9, 12-13, 16-17, 20-21, 24-25, 28-29, PageID.242-66). Yousif personally guaranteed Prime's obligations under the loan documents in the event the company defaulted. (*Id.*, PageID.141, ¶¶ 36-38, PageID.234-40). The parties modified the payment schedule for the vehicles in November 2019, April 2020, and March 2021. (*Id.*, PageID.136-40, ¶¶ 6, 10, 14, 18, 22, 26, 30, 34-35). By May 2021, Prime defaulted on its loan obligations by neglecting to make its minimum monthly repayments. (*Id.*, PageID.136-40, ¶¶ 7, 11, 15, 19, 23, 27, 31). And Yousif failed to cure the default under his personal guaranties. (*Id.*, PageID.141, ¶ 38).

After BMO repossessed the vehicles, the bank retained a global asset management firm to advertise their sale and liquidate them. (*Id.*, PageID.141, ¶ 40). BMO offset Yousif's outstanding debt obligations with the net sale proceeds. (*Id.*, PageID.141, ¶ 39). BMO claims $327,734.71 in remaining damages, as well as costs and attorney fees. (*Id.*, PageID.142, ¶ 46, PageID.297-303; ECF No. 6, PageID.132-33).

B.  *Procedural History*

BMO filed this lawsuit against Yousif for breaching his personal guaranties on behalf of Prime. (ECF No. 1). On July 31, 2022, BMO served Yousif at a residence located in Rochester, Michigan. (ECF No. 4, PageID.114). The process server noted that Yousif's wife accepted service of the summons and complaint on his behalf. (*Id.*). On August 1, 2022, Yousif executed a sworn affidavit acknowledging his liability under the personal guaranties, but disputing the amount he purportedly owes the bank. (ECF No. 5, PageID.116). Yousif forwarded the affidavit to BMO, who then filed a copy of it on the docket. (ECF No. 5).

BMO now moves for summary judgment on the issue of liability and damages. (ECF No. 6). The bank mailed a copy of the motion on December 7, 2022 (through first class mail) to the same address where Yousif's wife previously accepted service of process.[1] (ECF No. 6-3, PageID.304). Yousif did not respond and the time to do so has since elapsed. E.D. Mich. LR 7.1(e)(2)(A).

III.  Legal Standards

A moving party is entitled to summary judgment where the "materials in the record" do not establish the presence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c). All the evidence, along with all reasonable inferences, must

---

[1] That address matches the street address and zip code that Yousif listed on several of his personal guaranties. (ECF No. 1-10, PageID.103-05).

be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

IV. <u>Analysis</u>

In *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991), the United States Sixth Circuit Court of Appeals held that the party moving for summary judgment:

> must always bear [the] initial burden regardless if an adverse party fails to respond. In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

*See also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-81 (6th Cir. 2011). The Advisory Committee notes to Fed. R. Civ. P. 56(e)'s 1963 amendment confirm that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented*." (Emphasis added); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2727.2 (4th ed. Apr. 2022 Update) ("The party opposing summary judgment does not have a duty to present evidence in opposition to a motion under Rule 56 . . . when the matters presented fail to foreclose the possibility of a factual dispute.").

Turning to the substance of its single breach of contract claim, BMO must show (1) the existence of a contract, (2) that the other party breached the contract,

4

and (3) damages stemming from the breach. *Dunn v. Bennett*, 303 Mich. App. 767, 774 (2014).  Upon reviewing the current motion, the accompanying brief, along with the attached exhibits, BMO sufficiently demonstrates that Yousif not only breached his personal guaranties, but that the bank incurred damages amounting to $327,734.71 as a result.  Accordingly,

IT IS ORDERED that BMO's motion for summary judgment (ECF No. 6) is granted.

IT IS FURTHER ORDERED that judgment shall be entered in BMO's favor in the amount of $327,734.71.

IT IS FURTHER ORDERED that the Court will entertain BMO's request for attorney fees through a separate motion in the event BMO chooses to file one. *See* Fed. R. Civ. P. 54(d)(2); E.D. Mich. LR 54.1.2.

**IT IS SO ORDERED.**

s/Bernard A. Friedman
Hon. Bernard A. Friedman
Senior United States District Judge

Dated: January 18, 2023
         Detroit, Michigan

5